346


STATE, by complaint, *vs.* JAMES KELLEHER, applt.

Cumberland.   Opinion February 25, 1889.

*Intoxicating liquors.   Dwelling-house.   Stable.   Appurtenant.*

One charged with the illegal keeping of intoxicating liquors in a dwelling-house and its appurtenances, cannot be rightfully convicted upon proof that he kept liquors in a stable not used in connection with the dwelling-house, the stable being used exclusively by the defendant, and the dwelling-house exclusively by another person.

A stable, to be appurtenant to a dwelling-house, must be used with it, so that the two buildings will constitute but one tenement or messuage.

ON EXCEPTIONS.   This was a search and seizure process, begun in the municipal court of Portland, and tried, on appeal, to a jury in the superior court.   The jury found the defendant guilty, and he excepted to the rulings and refusals of the presiding justice to instruct the jury.

From the evidence it appeared that the dwelling-house, described in the warrant, was occupied by one Quinn, but no liquors were found there; and the stable, in which liquors were found, was occupied by the defendant.   The warrant, which was issued against both persons, directed a search to be made "in the dwelling-house and its appurtenances."   The defendant contended, among other things, that the stable occupied by him was not appurtenant to the dwelling-house, and requested the following instructions:

"Unless it has been proved, in this case that the defendant occupied the dwelling-house described in the complaint June 16, A. D. 1887, or about that time, the jury must return a verdict of not guilty.   Also, the stable was not appurtenant to the Quinn house and was not used in connection with it."

The presiding justice declined to give these instructions.   The view of the court, upon this branch of the case, renders a report of the other exceptions by defendant, unnecessary.

*D. A. Meaher*, for defendant.

Complaint authorized search of Kelleher's dwelling-house only.

*McGlinchy* v. *Barrows*, 41 Maine, 74. The testimony of the officers shows that Quinn did not have the use or control of the stable; hence case not like *State* v. *Burke*, 66 Maine, 127, where a woodshed was held to be part of the dwelling-house. Stable not appurtenant to the dwelling-house; it stood twenty-five feet away; Quinn had nothing to do with it.

*G. M. Seiders*, county attorney, for the state.

First requested instruction could not be given, as desired, since if Kelleher occupied an appurtenance of the dwelling-house, and carried on illegal traffic therein, though not in the house proper, he was liable under the complaint.

The other requested instruction is a question of fact for the jury to decide. *State* v. *Burke*, 66 Maine, 127; *State* v. *Wood*, 68 Id. 409; *State* v. *Bartlett*, 47 Id. 395; *Elliot* v. *Grant*, 59 Id. 418; *Ripley* v. *Hebron*, 60 Id. 379.

WALTON, J. The defendant is charged with the illegal keeping of intoxicating liquors in a dwelling-house and its appurtenances. No liquors were found in the dwelling-house described. The liquors seized were found in a stable. And the question is whether, upon the proof, the stable can be regarded as one of the appurtenances of the dwelling-house. We think not. A stable is not necessarily one of the appurtenances of a dwelling-house. To become such, it must be used in connection with the dwelling-house. The house and the stable must be used together as one tenement or messuage. *Jones* v. *Fletcher*, 41 Maine, 254; *State* v. *Burke*, 66 Maine, 127. In this case, the stable was not so used. The stable was used exclusively by the defendant, and the house exclusively by one Mrs. Quinn. So far as their use was concerned, they were separate and distinct tenements. Such is the uncontradicted testimony of the government witnesses. It is clear that, upon such proof, the stable can not be regarded as an appurtenance of the dwelling-house.

And this was a material variance. For in this class of cases, the offense is local in its character, and the place where it is alleged that the liquors were kept must be proved as alleged. *State* v. *Roach*, 74 Maine, 562. We think the requested

instruction, that the stable was not appurtenant to the Quinn house, should have been given.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and HASKELL, JJ., concurred.